UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DANIELLE HOLLENSHADE, individually,
    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,          **JURY DEMAND**
a foreign corporation,
    Defendant.
_____/

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. Plaintiff DANIELLE HOLLENSHADE alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against Defendant NCO FINANCIAL SYSTEMS, INC. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff DANIELLE HOLLENSHADE is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the sole owner, possessor, subscriber, and operator of the cellular telephone and number that Defendant was calling.

6. Defendant NCO FINANCIAL SYSTEMS, INC. ("NCO Financial") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 507 Prudential Road, Horsham, PA 19044.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. The Plaintiff allegedly incurred a debt to GULFSTREAM EMERGENCY PHYSICIANS in connection with personal medical services previously provided to Plaintiff.

10. Plaintiff allegedly defaulted on this debt.

11. GULFSTREAM EMERGENCY PHYSICIANS subsequently engaged the services of Defendant NCO Financial to attempt to collect the consumer debt from Plaintiff.

12. NCO Financial subsequently discovered the Plaintiff's cellular telephone number and began placing automated telephone collection calls to her.

13. Upon answering any of these calls, the Plaintiff was always met by an artificially voiced message in substantially the following form:

> This is an important message from NCO Financial Systems, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to 1-866-276-3299. Again that's 1-866-276-3299. Thank you. NCO Financial Systems is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling, please refer to your ID code [REDACTED].

14. Upon returning any of these telephone calls, the caller advised that the call was made by NCO Financial in an effort to collect the balance allegedly owed to Gulfstream Emergency Physicians.

15. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

16. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

17. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates paragraphs 1 through 17 herein.

19. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff DANIELLE HOLLENSHADE, requests that the Court enter judgment in favor of Plaintiff and against Defendant NCO FINANCIAL SYSTEMS, INC. for:

- a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;
- b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;
- c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;
- e. litigation expenses and costs of the instant suit; and
- f. such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff incorporates paragraphs 1 through 17 herein.

21. Defendant violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5). See Clark v. Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff DANIELLE HOLLENSHADE, requests that the Court enter judgment in favor of Plaintiff and against Defendant NCO FINANCIAL SYSTEMS, INC. for:

- a. actual damages;

      b. statutory damages of $1,000.00;

      c. attorney's fees, litigation expenses, and costs of the instant suit, and;

      d. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 18th day of October, 2013.

                BRET L. LUSSKIN, Esq.
                *Attorney for Plaintiff*
                20803 Biscayne Blvd., Ste 302
                Aventura, Florida 33180
                Telephone: (954) 454-5841
                Facsimile: (954) 454-5844
                blusskin@lusskinlaw.com

      By: /s/ Bret L. Lusskin, Esq.
                Bret L. Lusskin, Esq.
                Florida Bar No. 28069